1 | Daniel G. Litchfield
Nicholas D. Butovich
2 | LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
3 | Chicago, Illinois 60606
312-781-6677
4 | litchfield@litchfieldcavo.com
butovich@litchfieldcavo.com
5
Craig R. Delk (Nev. Bar No. 002295)
6 | THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER
1100 E. Bridger Ave.
7 | P.O. Drawer 2070
Las Vegas, NV 89125
8 | 702-366-0622
cdelk@thorndal.com
9

**UNITED STATES DISTRICT COURT**
10 | **FOR THE DISTRICT OF NEVADA**

11 | THE PHOENIX INSURANCE COMPANY
and TRAVELERS PROPERTY CASUALTY
12 | COMPANY OF AMERICA,

13 |         Plaintiffs,

14 | v.                                                    No. 2:12-cv-00564-MMD-RJJ

15 | YOUR VITAMINS, INC. d/b/a PROCAPS
LABORATORIES and ANDREW LESSMAN,
16
17 |         Defendants.

18 | YOUR VITAMINS, INC. d/b/a PROCAPS
LABORATORIES and ANDREW LESSMAN,
19
20 |         Counterclaimants,

21 | v.                                                    **PLAINTIFFS' MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY
JUDGMENT**
22 | THE PHOENIX INSURANCE COMPANY
and TRAVELERS PROPERTY CASUALTY
23 | COMPANY OF AMERICA,

24 |         Counterdefendants.

25
26 |         Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7-1(a)

27 | and 56-1, Plaintiffs, the Phoenix Insurance Company and Travelers Property Casualty

28 | Company of America ("Travelers"), by their attorneys Litchfield Cavo LLP and Thorndal,

Litchfield Cavo LLP
303 W. Madison
Suite 300
Chicago, IL 60606
312-781-6677

1 Armstrong, Delk, Balkenbush & Eisenger, hereby submit this Memorandum of Points and

2 Authorities in Support of their Motion for Partial Summary Judgment.

## INTRODUCTION

4     Subject to a reservation of rights, Travelers defended its insureds, Your Vitamins, Inc.

5 d/b/a ProCaps Laboratories and Andrew Lessman (collectively "ProCaps"), in an underlying

6 lawsuit (the "QVC Action").  ProCaps waited four months before notifying Travelers of the QVC

7 Action by tendering it for defense and indemnification.  During that four month period, ProCaps

8 unilaterally retained Sidley Austin LLP ("Sidley") to represent it and incurred approximately

9 $903,000 in defense costs.  ProCaps insisted that Sidley continue to defend it in the QVC

10 Action. The parties were unable to reach agreement on the rates Sidley would be paid.

11 Subject to reservation and non-waiver agreements, Travelers has paid a total of

12 $3,636,042.95 of the $6,363,520.33 in total costs allegedly incurred for the defense of

13 ProCaps in the QVC Action.   Travelers commenced this action to obtain a judgment that

14 Travelers has satisfied its obligations to ProCaps with respect to defense of the QVC Action,

15 and that ProCaps is not entitled to recover the $2,727,477.38 in disputed defense costs, which

16 includes the approximately $903,000 in pre-tender defense costs.  Count III of the Complaint

17 seeks a declaration that Travelers has no legal duty to pay those pre-tender fees and costs.

18 There is no factual dispute as to the date when ProCaps tendered defense to Travelers.

19 There is no factual dispute that fees and costs preceded that tender.  The language of the

20 policies is clear.  The law is clear that pre-tender defense fees and costs are not covered.

21     Accordingly, Travelers requests that this Court enter summary judgment in its favor

22 and against ProCaps with respect to Count III of its Complaint.

## UNDISPUTED FACTS

24 **A.  QVC Action**

25     1.    ProCaps and QVC are competitors in the vitamin and food supplement market.

26 Andrew Lessman ("Lessman") is a principal of ProCaps, and was formerly affiliated with QVC.

27     2.    On February 5, 2010, QVC, Inc. filed a suit against ProCaps in the U.S. District

28 Court for the District of Delaware ("QVC Action").  (See Exhibit 1, Complaint in QVC Action.)

1   The QVC Action was transferred to the U.S. District Court for the Eastern District of

2   Pennsylvania on December 14, 2010.

3        3.    QVC alleged that in advertising the ProCaps products, Lessman made

4   defamatory and disparaging statements about QVC, its principals and its products.  (See

5   Exhibit 1, Complaint in QVC Action, ¶¶ 26-29, 37-40, 42-46 and 51-56.)  QVC pled claims

6   under the Lanham Act and common law claims for false advertising, unfair competition,

7   commercial disparagement, defamation and breach of contract.  (See Exhibit 1, Complaint in

8   QVC Action, ¶¶ 57-83.)   QVC sought compensatory, punitive, statutory and enhanced

9   statutory damages, disgorgement of profits, a preliminary injunction, and a permanent

10   injunction.  (See Exhibit 1, Complaint in QVC Action, pp. 18-19.)

11        4.    ProCaps retained Sidley Austin LLP ("Sidley") to defend it in the QVC Action.

12   Morris, Nichols, Arsht & Tunnell LLP was retained to act as Sidley's local counsel.

13        5.    On March 1, 2010, ProCaps filed a counterclaim against QVC.  (See Exhibit 2,

14   ProCaps' Answer and Counterclaim in QVC Action.)  In the counterclaim, ProCaps alleged

15   that certain of QVC's actions in promoting its supplements harmed ProCaps' position in the

16   marketplace and generally tarnished ProCaps' reputation.  (See Exhibit 2, ProCaps' Answer

17   and Counterclaim in QVC Action, ¶¶ 116-69, 173-74, 179-80, 183-85, 190-92, 196-97, 201-03,

18   206-07, 210-12 and 215-18.)  ProCaps sought a permanent injunction, corrective advertising,

19   damages, enhanced and punitive damages, fees and interest.  (See Exhibit 2, ProCaps'

20   Answer and Counterclaim in QVC Action, pp. 48-49.)

21        6.    ProCaps first notified Travelers of and first tendered defense of the QVC Action

22   on June 10, 2010.  (See Exhibit 3, Claim Note.)

23        7.    Between the commencement of the QVC Action and approximately June 10,

24   2010, ProCaps incurred approximately $903,000 in defense costs (fees and expenses) in the

25   QVC Action, including but not limited to the costs incurred in preparing and filing the

26   counterclaim against QVC.  ProCaps alleges that Travelers is obligated under the terms of the

27   Policies (as that term is defined below) to pay those defense costs.

28

8.     ProCaps did not inform Travelers that it was incurring these defense costs and did not seek Travelers' consent to do so.

9.     By letter dated July 16, 2010, Travelers agreed to defend ProCaps in the QVC Action subject to a reservation of rights.  (See Exhibit 4, Travelers' 2010 reservation of rights letter.)  Travelers issued a supplemental reservation of rights letter to ProCaps on January 26, 2011.  (See Exhibit 5, Travelers' 2011 reservation of rights letter.)

10.     Travelers undertook ProCaps' defense of the QVC Action, eventually paying $3,636,042.95 of the defense costs ProCaps allegedly incurred post-tender for the defense of the QVC Action.

11.     The QVC Action was eventually resolved and it was dismissed.  Travelers will seek leave to file, under seal, a copy of the QVC-ProCaps settlement agreement.

**B.     Travelers' Policies**

12.     None of the claims filed by QVC in the QVC Action define precisely the dates of ProCaps' allegedly wrongful acts.  For this reason, it is unclear which of the Primary Policies listed below issued by Travelers to ProCaps have been triggered to respond to the QVC Action.  For this reason, all of them are identified below.

13.     Travelers issued the following policies to ProCaps:

| Policy Period | Primary Policy Nos. | Excess Policy Nos. |
| --- | --- | --- |
| May 15, 2007 to May 15, 2008 | Y-630-0544L813-TIL-07 | YFS-EX-0544L813-TIL-07 |
| May 15, 2008 to June 8, 2008 | Y-630-0544L813-TIL-08 | YFS-EX-0544L813-TIL-08 |
| June 8, 2008 to June 8, 2009 | Y-630-4825A623-TIL-08 | YFS-EX-4825A623-TIL-08 |
| June 8, 2009 to June 8, 2010 | Y-630-4825A623-PHX-09 | YFS-EX-4825A623-TIL-09 |
| June 8, 2010 to June 8, 2011 | Y-630-4825A623-PHX-10 | YFS-EX-4825A623-TIL-10 |
| June 8, 2011 to June 8, 2012 | Y-630-4825A623-PHX-11 | PFS-EX-4825A623-TIL-11 |

(See Exhibit 6, Amy M. Baker Affidavit, ¶¶ 5-16.)

14.     Each of the Travelers' primary policies identified above provides that Travelers' obligation to defend or indemnify ProCaps for a "suit" is subject to certain conditions

Litchfield Cavo LLP
303 W. Madison
Suite 300
Chicago, IL 60606
312-781-6677

4

precedent.  Pertinent to this motion for summary judgment, each primary policy at Section IV.2.d states as follows:

> No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(See Exhibits 7-12, Travelers' primary policies.)  This provision is referred to herein as the "Voluntary Payments Provision."

15.    Each of Travelers' excess policies is a "follow form" policy.  Section I.1. of each excess policy provides:

*  *  *

> a.    This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "controlling underlying insurance", except with respect to any provisions to the contrary contained in this insurance.

(See Exhibits 13-18, Travelers' excess policies.)   There is no duty to defend under an excess policy in any case in which a primary policy supplies a defense.

## ARGUMENT

### A.    Legal Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial.  *See Celotex*, 477 U.S. at 323; *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010).  The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.  *See Celotex*, 477 U.S. at 325.

The non-moving party must designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  To carry this burden, the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The mere

1  existence of a scintilla of evidence will be insufficient. *See Anderson v. Liberty Lobby, Inc.*,

2  477 U.S. 242, 252 (1986). There must be evidence on which the jury could reasonably find for

3  the non-moving party. *See Anderson*, 477 U.S. at 252.

4  **B.     Pre-tender Fees and Costs Are Not Covered**

5  It is undisputed that ProCaps did not tender defense of the QVC Action to Travelers

6  before June 10, 2010 and that prior to June 10, 2010, ProCaps incurred substantial defense

7  costs, which Travelers estimates to be approximately $903,000. Pursuant to Travelers'

8  policies and the law, none of the pre-tender amount is owed by Travelers.

9  **1.     Pre-Tender Defense Fees or Costs Are Not Covered**

10  The Nevada courts have not as of yet addressed the issue of whether, under Nevada

11  law, pre-tender defense fees and costs are covered under a liability insurance policy. The

12  Ninth Circuit, however, has determined in *Faust v. Travelers*, 55 F.3d 471 (9th Cir. 1995)

13  (California law) that pre-tender defense fees and costs are not covered. *Faust* is consistent

14  with California state decisions holding that pre-tender defense fees or costs are not covered.

15  *See Northern Ins. Co. of New York v. Allied Mut. Ins. Co.*, 955 F.2d 1353, 1360 (9th Cir.

16  1992), *cert. denied*, 505 U.S. 1211 (1992), *citing Gribaldo, Jacobs, Jones & Assoc. v.*

17  *Agrippina Versicherunges A.G.*, 3 Cal.3d. 434, 476 P.2d 406, 415 (1970) (insured not entitled

18  to recover defense costs voluntarily incurred by it without first demanding a defense from

19  insurer).[1]

20  In *Faust*, Gerald Faust and Faust Management ("Faust") were sued in federal court.

21  That suit, just like the QVC Action, sought a temporary restraining order and preliminary

22  injunction among other relief. Faust handled the case for four months and secured a

23  dismissal, all without notifying its insurer of the federal action or tendering the federal action to

24

25  [1]     *Faust* is consistent with the law in other jurisdictions as well. *See also Century Indem. Co. v. Aero-Motive Co.*, 318 F.Supp.2d 530 (W.D. Mich. 2003); *Amica Mut. Ins. Co. v. St. Paul Fire & Marine Life Ins. Co.*, 2003 WL 21281666 (N.D. Tex.); *American Mut. Liab. Ins. Co. v. Beatrice Companies, Inc.*, 924 F.Supp. 861 (N.D. Ill. 1996); *Great Am. Ins. Co. v. Aetna Cas. & Sur. Co.*, 876 P.2d 1314, 1319-20 (Hawai'i 1994) (applying Hawai'i law); *Safeguard Scientifics, Inc. v. Liberty Mut. Ins. Co.*, 766 F.Supp. 324, 333 (E.D. Pa. 1991) (applying Pennsylvania law); *SL Industries, Inc. v. American Motorists Ins. Co.*, 607 A.2d 1266, 1272-73 (N.J. 1992) (applying New Jersey law).

1   the insurer (in that case, Travelers).  *See Faust*, 55 F.3d at 473.  Faust and others were

2   subsequently sued in state court.  At that point, Faust tendered both the federal and state

3   action to Travelers for defense and indemnification.  See *Faust*, 55 F.3d at 472.  The Ninth

4   Circuit applied the voluntary payments provision of the Travelers policy issued to Faust and

5   held that Faust was not entitled to recovery (i.e. reimbursement) from Travelers of any pre-

6   tender defense costs it incurred.  *See Faust*, 55 F.3d at 472-473.

7        The Travelers policy at issue in *Faust* and the Travelers primary policies issued to

8   ProCaps contain identical voluntary payment provisions.   (See Exhibits 7-12, Travelers'

9   primary policies.)  That voluntary payment provision states that the insured will not, except at

10  its own cost, voluntarily make a payment, assume any obligation, or incur any expense,

11  without Travelers' consent. *Faust* is an authoritative Ninth Circuit opinion and should apply

12  here.  There is no disparity between California and Nevada law regarding the pre-tender issue

13  *Faust* addresses.   In the absence of cases addressing particular insurance law issues,

14  Nevada courts have tended to look to California insurance coverage law.  *See, e.g., Landow v.*

15  *Medical Ins. Exchange of Cal.*, 892 F.Supp. 239, 240 (D. Nev. 1995); *United States Fidelity v.*

16  *Peterson*, 540 P.2d 1070 (Nev. 1975); and *United Fire Ins. Co. v. McClellan*, 780 P.2d 193,

17  198 (Nev. 1989).

18       ProCaps incurred substantial fees and costs in defending the QVC Action without

19  Travelers' knowledge, much less consent. The voluntary payments provision unambiguously

20  provides that Travelers has no obligation to reimburse ProCaps for those pre-tender costs,

21  and Travelers is entitled to entry of summary judgment in its favor on Count III of its

22  Complaint.

23       **2.     ProCaps' Control of the Defense**

24       Travelers' rights and duties to ProCaps with respect to the QVC Action are governed

25  by the terms of the policies issued by Travelers to ProCaps.  Based on past discussions

26  between the parties with respect to the disputed fees, Travelers anticipates that ProCaps will

27  argue that it should be excused from compliance with the voluntary payments provision

28  because responding to the preliminary injunctive relief demanded by QVC was critical and

Litchfield Cavo LLP
303 W. Madison
Suite 300
Chicago, IL 60606
312-781-6677

1   ProCaps and its attorneys could not be distracted by compliance with the terms of the

2   insurance policies at such a critical moment in defending the QVC Action.   ProCaps may

3   argue that because of the special, complex nature of the QVC Action, Travelers was obligated

4   to engage Sidley as defense counsel and because of the fact that ProCaps had to defend

5   itself against QVC's demand for injunctive relief in any event, there is no reason why ProCaps

6   should not be allowed to recover pre-tender defense costs.

7          ProCaps was completely in control of its decision to tender or not tender the QVC

8   Action to Travelers at all, as well as its decision as to when to tender the QVC Action.   The

9   language of the voluntary payment provision is clear, however.   Defense costs incurred by

10  ProCaps prior to requesting defense and indemnification from Travelers are the responsibility

11  of ProCaps, not Travelers.   By definition, those costs were incurred without Travelers'

12  knowledge, much less its consent.   Courts enforcing the voluntary payment provision and

13  disallowing recovery of pre-tender costs have concluded that delays such as ProCaps' delay

14  in tendering and actions such as its unilateral decision to retain Sidley, frustrate important

15  rights of Travelers – as the carrier being asked to pay for that defense – under the policies that

16  were bargained for by the parties.

17         For whatever reason, ProCaps chose to delay notifying Travelers of the QVC Action

18  and tendering the QVC Action for four months, during which time it incurred $903,000 in

19  defense costs.   ProCaps was free to make that choice, but with that choice comes the legal

20  responsibility for pre-tender defense fees and costs.   As a matter of law, ProCaps cannot now

21  shift that responsibility to Travelers.

22         **3.   Excess Policies Not at Issue**

23         Travelers' excess policies are not at issue with respect to this motion.   This motion

24  relates solely to the duty to defend.   The excess policies have no such duty in cases, like this

25  one, where a primary policy supplied a defense.   *See, e.g., Maryland Cas. Co. and Assurance*

26  *Co. of America v. Transportation Ins. Co.*, 2010 WL 3257963 at *2 (D. Nev. 2010).

27  Accordingly, ProCaps cannot recover the pre-tender fees under the excess policies.   In

28  addition, the primary policies' voluntary payments provisions are incorporated into the excess

Litchfield Cavo LLP
303 W. Madison
Suite 300
Chicago, IL 60606
312-781-6677

1  policies. See ¶ 15, *supra*. Accordingly, for the same reasons cited above with respect to the

2  primary policies, ProCaps is not entitled to recover the pre-tender fees under the excess

3  policies.

4                                          **CONCLUSION**

5          ProCaps' pre-tender defense fees and costs are not covered under Travelers' policies,

6  as a matter of law. It is undisputed that ProCaps tendered defense of the QVC Action on June

7  10, 2010. It is also undisputed that ProCaps incurred defense fees and costs prior to that

8  date. Therefore, this Court should enter judgment in Travelers' favor and against ProCaps on

9  Count III of the Complaint, and enter a judgment that Travelers has no obligation to pay the

10  pre-tender defense costs incurred by ProCaps in the QVC Action, which amount Travelers

11  estimates to be approximately $903,000.

12                                  Respectfully submitted,

13                                  The Phoenix Insurance Company and
                                    Travelers Property Casualty Company of America

14

15                                  By: _____
                                        One of their Attorneys

16  Daniel G. Litchfield
    Nicholas D. Butovich
17  LITCHFIELD CAVO LLP
    303 W. Madison Street, Suite 300
18  Chicago, Illinois 60606
    312-781-6669 (Litchfield)
19  312-781-6573 (Butovich)
    312-781-6630 (fax)
20  litchfield@litchfieldcavo.com
    butovich@litchfieldcavo.com
21
    Craig R. Delk (Nev. Bar No. 002295)
22  THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER
    1100 E. Bridger Ave.
23  P.O. Drawer 2070
    Las Vegas, NV 89125
24  702-366-0622
    702-366-0327 (fax)
25  cdelk@thorndal.com

26

27

28