JAMES E. WHITMIRE, ESQ.
Nevada Bar No, 6533
jwhitmire@santoronevada.com
NICHOLAS J. SANTORO, ESQ.
Nevada Bar No. 532
nsantoro@santoronevad.com
SANTORO WHITMIRE
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone:   702/948-8771
Facsimile:   702/948-8773

*Attorneys for Defendants/Counterclaimants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff.<br><br>v.<br><br>YOUR VITAMINS, INC., d/b/a PROCAPS LABORATORIES, and ANDREW LESSMAN,<br><br>Defendants,<br><br>―――――――――――<br><br>YOUR VITAMINS, INC., d/b/a PROCAPS LABORATORIES, and ANDREW LESSMAN,<br><br>Counterclaimants,<br><br>v.<br><br>THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Counterdefendants. | No.: 2:12-cv-00564-MMD-RJJ |

## CONFIDENTIALITY AND PROTECTIVE ORDER

The parties in this case are an insurance company and its insured who wish to maintain the confidentiality of private documents and information that they have not made available to the public, but may be required to produce during the course of this litigation. The parties agree that such documents and information may qualify as "intellectually, proprietary, and property

interests such as trade secrets" or sensitive, privileged and/or non-public commercial information that would justify sealing or redaction.

Examples of the type of documents sought to be protected from disclosure in this matter include an insurance carrier's confidential underwriting files; confidential claims files; attorney-client privileged communications by and between an insured and its counsel; work-product materials generated during the course of an underlying litigation (which is now the subject of an insurance coverage dispute); and, confidential and privileged communications shared by and between an insured and its insurance company.[1]

Accordingly, the parties hereto, each by their respective counsel, hereby enter into this Stipulation and Order of Confidentiality respecting documents and other confidential information produced in this litigation as follows:

FOR GOOD CAUSE SHOWN, it is hereby ORDERED that the following terms and conditions shall govern the disclosure and use of confidential information (including documents, electronic data, testimony, answers to interrogatories, admissions, data, other materials and their contents) in this litigation.

1. To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information to the parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

2. This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available.

3. This Order covers information that the disclosing party or non-party (hereafter "source") designates "Confidential." The designation "Confidential" shall be limited to information that the source in good faith believes is privileged, proprietary, commercially sensitive, invades an employee or third-party's rights to privacy or for similar reasons should

---

[1] The parties do not anticipate marking every document in this matter confidential and subject to this protective order. For example, those documents that were filed in open court in the underlying litigation are not subject to this Protective Order.

otherwise be subject to "Confidential" treatment. Examples of the materials encompassed by this Protective Order are set forth above.

4. Documents that are in the public domain, including but not limited to documents presented at trial or other court proceedings publicly and not under seal, may not be designated as "Confidential." This provision shall not apply to any document that is in the public domain as a result of violation of any stipulation or court order with respect to such document or any information included in such document.

5. To designate information as "Confidential," a source must so mark it or, in the case of a deposition or hearing transcript, designate it as provided below. Either designation may be withdrawn by the source. The source must mark each page of each document and/or each significant component of any other objects containing Confidential Information with the appropriate designation as required. A cover letter can be used, if appropriate, to designate computerized data as "Confidential."

6. In the event that documents or information that may contain Confidential Information are made available for inspection by the source, the party inspecting the documents and/or information shall treat all documents and information produced as Confidential. There will be no waiver of confidentiality by the inspecting of Confidential Information before it is copied and marked "Confidential."

7. Accidental disclosure of confidential information does not waive the confidence otherwise attaching to the Confidential Information. On a party or a source's discovery that information was not correctly designated, that party or source shall provide notice to the other litigants that the information was inappropriately designated. The source shall then have seven business days in which to re-designate the information. In the interim the information may not be used in a manner inconsistent with the notice.

8. Subject to the provisions of this Order, information designated as "Confidential" may be disclosed to and used only by:

   A. Counsel of record for the party to whom such documents or materials are produced or given, including any attorneys assisting counsel of record and the legal

- 3 -

1  associates, paralegals, clerical or other support staff or services of counsel of record or
2  such attorneys;

3    B. The named Plaintiffs, including but not limited to their reinsurers,
4  auditors, and outside and in-house counsel, including paralegals, clerical or other support
5  staff or services and any officers, directors, managers, supervisors or other employees
6  with responsibilities related to the subject matter of this litigation;

7    C. The named Defendants, including, but not limited to, its outside and in-
8  house counsel, including paralegals, clerical or other support staff or services and any
9  officers, directors, managers, supervisors or other employees with responsibilities related
10 to the subject matter of this litigation;

11   D. The Court;

12   E. Court reporters (including audio and video);

13   F. Copying, imaging and computer services for the purpose of copying,
14 imaging, storing, or organizing documents provided that all Confidential documents are
15 retrieved by the party furnishing it upon completion of this lawsuit;

16   G. Special masters and/or Mediators;

17   H. Consulting or testifying experts so long as the undertaking attached hereto
18 is first executed;

19   I. The direct staff of the foregoing persons;

20   J. The author, addressees and recipients of the document;

21   K. Deposition Witnesses, in accordance with paragraph 9;

22   L. Others specifically identified and authorized in writing by the disclosing
23 source.

24   9. Deposition transcripts shall presumptively be considered to have been designated
25 "Confidential" for a period of thirty days following service of the transcript. In the interim and
26 upon further review of the transcript, the deponent, his or her counsel, or any other party may re-
27 designate portions or the entirety of the transcript as "Confidential," which designation shall
28 remain in effect for the duration of this Order. The deponent, his or her counsel or another party

1  designating a transcript or portion as "Confidential" must advise counsel of record and the court
2  reporter of any changes to the original designation. The court reporter shall mark the face of the
3  transcript appropriately. If any portion of a videotaped deposition is designated pursuant to this
4  paragraph, the videocassette, videotape or CD-ROM container shall be labeled with the
5  appropriate legend. Nothing in this paragraph shall prevent a party from making specific
6  designations on the record during the deposition, and the court reporter shall mark the face of the
7  transcript appropriately in that event.

8      10.    The parties shall not file with the Court any document, object, brief, pleading,
9  discovery or answers to discovery (including interrogatories, requests to produce, or deposition
10 transcripts) which contains Confidential Information or information derived from Confidential
11 Information, except under seal in an envelope marked with the caption of the case, a list of
12 contents, and the following notation: "Contains Confidential Information: To Be Opened Only
13 By Or As Directed By The Court".

14     11.    A party may, consistent with the provisions of this Order, refer to Confidential
15 Information in pretrial conferences before the Court, evidentiary hearings and at trial. The use of
16 Confidential Information at any pre-trial hearing or trial shall be addressed prior to the
17 commencement of such hearing or trial. If such use was not addressed prior to the
18 commencement of a hearing or trial, the parties agree to seek a recess from the Court, hold an
19 immediate meet and confer regarding the Confidential Information, and, if necessary, request an
20 in camera conference with the Court regarding the Confidential Information. In the event a
21 witness is scheduled to testify at any hearing prior to trial, the parties agree to meet and confer in
22 advance of the hearing to decide if any precautions are necessary to protect the source's
23 Confidential Information. The source must designate the transcripts of such proceedings as
24 "Confidential" within thirty days of receipt; if the disclosing source is not a party, the party using
25 the information must confer with the source regarding such designation.

26     12.    This Order applies equally to documents and information obtained by or produced
27 in response to any subpoena, including in particular information produced by non-parties. Any
28 party to this action may designate as "Confidential" documents or information produced by any

party or non-party in this action. Such designation must be made within thirty days of the receipt of the documents or information produced by the non-party or other party. Until this 30-day period expires, the parties shall treat all documents and information produced in discovery as "Confidential," including documents and information produced by non-parties.

13. The following procedures shall govern any challenges to confidentiality designations:

A. If a party reasonably believes that information should not be designated as "Confidential," it must specify to the source in writing (a) the information at issue, and (b) its reasons for questioning the confidentiality designation. The source must respond in writing within ten days or as agreed to by counsel or as ordered by the Court.

B. To the extent that any dispute about a confidentiality designation is not resolved by the meet and confer process defined above, the parties to the dispute shall arrange an informal conference with the Court to aid in its resolution. To the extent that any dispute remains following such an informal conference with the Court, the Court shall schedule a formal hearing to resolve the matter, and shall specify the schedule and scope of such briefing as the Court may deem necessary and appropriate to resolve the dispute. Until the Court rules upon any such dispute, the confidentiality designation shall remain in effect. If the Court rules that the information should not be restricted, the original designation shall remain in effect for five business days after the Court's Order.

14. Nothing in this Order shall prevent a party from using or disclosing its own information, as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

15. All materials designated in any fashion as "Confidential" shall be used solely for the purpose of this lawsuit and any appellate proceedings in this action and not for any other purpose (which includes, but is not limited to, other litigation in which Plaintiff's counsel or Defendants are involved). Within ninety days of final termination of this litigation, the parties, at the written request of the source, must return to the source or destroy information containing Confidential Information, and shall so certify within ninety days of termination of this litigation.

16. Any party or person receiving Confidential Information covered by this Protective Order that receives a request or subpoena for production or disclosure of Confidential Information shall, within ten days, give written or facsimile notice to the source and to its opposing counsel identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not produce or disclose the requested information without consent of the source or until ordered to do so by a court of competent jurisdiction, provided that the source makes a timely motion or other application for relief from the subpoena or other request in the appropriate form.

17. Nothing in this Order shall abridge the right of any party to seek amendment of this Order upon a showing of good cause or the written agreement of the opposing party or parties.

18. Nothing in this Order shall abridge the right of any party to redact confidential information from documents prior to their production provided such party clearly indicates that a redaction has been made and clearly describes, in general terms, the information being redacted. In the event a redaction is challenged, the parties shall resolve their dispute as described in paragraph 13.

19. This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

20. If a source inadvertently or mistakenly discloses documents or materials protected by the attorney-client privilege, attorney work product or any other privilege, the source shall promptly advise the receiving party of the disclosure and recall any such inadvertently disclosed privileged documents or materials by making a request of the receiving party for their return. Likewise, if a receiving party becomes aware that a source inadvertently or mistakenly disclosed documents or materials protected by the attorney-client privilege, attorney work product or any other privilege, the receiving party shall promptly advise the source of the disclosure and return the documents or materials and any and all copies to the source. If the receiving party fails to return such documents or materials, the source may move the Court for an Order compelling the

- 7 -

return. A source that elects to initiate a challenge to a receiving party's failure to return such documents or materials must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the receiving party. In conferring, the source must explain the basis for its belief that the disclosure was made in error and must give the receiving party an opportunity to reconsider the circumstances, and, if no change in position is offered, to explain the basis for that position. A source may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

IT IS SO ORDERED.

Dated: September 17, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of September, 2012.

**THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER**

*/s/ Craig Delk*
Craig R. Delk (NBN 2295)
1100 E. Bridger Ave.
Las Vegas, NV 89101
*Attorneys for Plaintiffs/Counterdefendants*

Dated this 13th day of September, 2012.

**SANTORO WHITMIRE**

*/s/ James E. Whitmire*
James E. Whitmire, Esq. (NBN 6533)
10001 Park Run Drive
Las Vegas, NV 89145
*Attorneys for Defendants/Counterclaimants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff.<br><br>v.<br><br>YOUR VITAMINS, INC., d/b/a PROCAPS LABORATORIES, and ANDREW LESSMAN,<br><br>Defendants,<br><br>―――――――――――<br><br>YOUR VITAMINS, INC., d/b/a PROCAPS LABORATORIES, and ANDREW LESSMAN,<br><br>Counterclaimants,<br><br>v.<br><br>THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Counterdefendants. | No.: 2:12-cv-00564-MMD-RJJ |

## EXHIBIT A

UNDERTAKING OF _____

I, _____, declare as follows:

1. My address is _____.

2. My present employer and the address of my present employer (if different from above) are _____.

3. I have received a copy of the Protective Order in the above-captioned action.

4. Having carefully read and understood the provision of the Protective Order agree to be bound by its terms.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action any documents designated as

1  "Confidential," as set forth in the Protective Order, which are disclosed to me. I will
2  maintain any such information in a safe and secure place.
3      6.    I will return all documents designated as "Confidential" which come into my
4  possession and documents or things I have prepared relating thereto, to counsel of the party that
5  provided such materials to me. I acknowledge that such return shall not relieve me from any
6  continuing obligations imposed on me by the Protective Order.
7      7.    I agree to submit to the jurisdiction of a court located in the state of Nevada for
8  purposes of enforcement of this Undertaking.
9      I declare under penalty of perjury that the foregoing is true and correct.
10     Dated this _____ day of _____, 2012.

_____
Signature

_____
Print Name

_____
Witness

SANTORO WHITMIRE
10001 Park Run Drive, Las Vegas, Nevada 89145
(702) 948-8771 - fax (702) 948-8773